IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MILLENNIUM BANK,<br>UNITED TRUST OF SWITZERLAND S.A.,<br>UT of S, LLC,<br>MILLENNIUM FINANCIAL GROUP,<br>WILLIAM J. WISE,<br>   d/b/a STERLING ADMINISTRATION,<br>   d/b/a STERLING INVESTMENT SERVICES,<br>   d/b/a MILLENNIUM AVIATION,<br>KRISTI M. HOEGEL, a/k/a KRISTI M. CHRISTOPHER,<br>   a/k/a BESSY LU,<br>JACQUELINE S. HOEGEL, a/k/a JACQULINE S. HOEGEL,<br>   a/k/a JACKIE S. HOEGEL,<br>PHILIPPE ANGELONI, and BRIJESH CHOPRA,<br><br>               Defendants,<br>and<br><br>UNITED T OF S, LLC, STERLING I.S., LLC,<br>MATRIX ADMINISTRATION, LLC,<br>JASMINE ADMINISTRATION, LLC, LYNN P. WISE,<br>DARYL C. HOEGEL, RYAN D. HOEGEL, and<br>LAURIE H. WALTON,<br><br>               Relief Defendants. | Case No.: 7:09-CV-050-O |

**TEMPORARY RESTRAINING ORDER, FREEZING ASSETS, REQUIRING AN
ACCOUNTING, REQUIRING PRESERVATION OF DOCUMENTS, AUTHORIZING
EXPEDITED DISCOVERY, AND GRANTING OTHER EQUITABLE RELIEF**

This matter came on before the Court on the Application of Plaintiff Securities and

Exchange Commission ("Commission") for issuance of an *ex parte* temporary restraining order,

order freezing assets, requiring an accounting of revenues, expenses and assets, prohibiting the

destruction and/or alteration of documents, authorizing expedited discovery, and granting other equitable relief as to Millennium Bank, United Trust of Switzerland S.A., UT of S, LLC, Millennium Financial Group, William J. Wise, d/b/a Sterling Administration, d/b/a Sterling Investment Services, d/b/a Millennium Aviation ("Wise"), Kristi M. Hoegel, a/k/a Kristi M. Christopher, a/k/a Bessy Lu ("Kristi Hoegel"), Jacqueline S. Hoegel, a/k/a Jacquline S. Hoegel, a/k/a Jackie S. Hoegel ("Jackie Hoegel"), Philippe Angeloni, and Brijesh Chopra (collectively, "Defendants"), and United T of S, LLC, Sterling I.S., LLC, Matrix Administration, LLC, Jasmine Administration, LLC, Lynn P. Wise, Daryl C. Hoegel, Ryan D. Hoegel, and Laurie H. Walton ("Relief Defendants"). Having considered the Commission's Complaint, Application, supporting memorandum, declarations and exhibits thereto, and argument of counsel, this Court finds as follows:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants and Relief Defendants.

2. The Commission is a proper party to bring this action seeking the relief sought in its Complaint.

3. There is good cause to believe that Defendants have engaged in acts and practices which constitute violations of Sections 5(a), 5(c), 17(a) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder, [17 C.F.R. § 240.10b-5].

4. There is good cause to believe that Defendants will continue to engage in the acts and practices constituting the violations set forth in paragraph 3 unless restrained and enjoined by an order of this Court.

5.  There is good cause to believe that Defendants used improper means to obtain investor funds and assets. There is good cause to believe that the Relief Defendants received investor funds and assets as a result of the Defendants' improper conduct. There is also good cause to believe that Defendants and Relief Defendants will dissipate assets and that some assets are located abroad.

6.  There is good cause to believe that investor funds and assets obtained by the Defendants from the unlawful activities described in the Commission's Complaint have been and will be misappropriated, wasted or otherwise used to the detriment of investors. Furthermore, there is good cause to believe that the Defendants do not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

7.  There is good cause to believe that giving notice to the Defendants and Relief Defendants of the Commission's motion for this Order would result in immediate and irreparable injury, loss or damage to investors, because it is likely that assets might be dissipated if such notice were given.

8.  An accounting is appropriate to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

9.  It is necessary to preserve and maintain the business records of Defendants and Relief Defendant from destruction.

10. This proceeding is one in which the Commission seeks a preliminary injunction.

11. The timing restrictions of FED.R.CIV.P. 26(d), 26(f), 30(a)(2)(C) and 34 should not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

12. Expedited discovery is appropriate.

13. There is good cause to believe that Wise, Kristi Hoegel, Jackie Hoegel, Philippe Angeloni and/or Brijesh Chopra may seek to leave the United States in order to avoid responsibility for the fraudulent acts alleged herein.

**IT IS THEREFORE ORDERED THAT:**

### I.

Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A. to employ any device, scheme or artifice to defraud;

    B. to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    C. to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

### II.

Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section

violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] directly or indirectly, in the absence of any applicable exemption:

>   (A)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or
>
>   (B)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder [15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

>   A.   to use or employ any manipulative or deceptive device or contrivance;
>
>   B.   to employ any device, scheme or artifice to defraud;

   C. to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

   D. to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

### Asset Freeze Order

Defendants, Relief Defendants, and their officers, agents, employees, servants, attorneys and all persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds (including charges on any credit card or draws on any other credit arrangement), and from assigning, conveying, transferring, encumbering, disbursing, dissipating, selling, hypothecating or concealing any assets, monies, or other property owned by or in the actual or constructive possession of these Defendants and Relief Defendants, pending a showing to this Court that they have sufficient funds or assets to satisfy all claims arising from the violations alleged in the Complaint, pending the posting of a bond or surety sufficient to assure payment of any such claim, or until further order of this Court. Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the Defendants and Relief Defendants shall make no transactions in securities (excepting liquidating transactions necessary as to wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's

check) purchased by or for Defendants and Relief Defendants, pending further order of this Court.

## V.

## Accounting

Defendants and Relief Defendants shall make an interim accounting, under oath, within ten (10) days of the issuance of this Order or three (3) days prior to any hearing on the Commission's Motion for Preliminary Injunction and other relief, whichever is sooner, detailing by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer of: (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from investors; (c) all of their current assets wherever they may be located and by whomever they are being held, and their current liabilities; and (d) all accounts with any financial or brokerage institution maintained for the Defendant at any point during the period from January 1, 2004, to the present. The accounting shall be sufficient to permit a full understanding of the flow of investor funds from the investor to its present location to the extent known by the Defendants and Relief Defendants or within their power to learn. The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be delivered by facsimile or overnight courier to Jennifer Brandt; Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102 by the deadline set forth above.

## VI.

## Document Preservation

Defendants and Relief Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from destroying, removing, mutilating, altering, concealing or disposing of, in any manner, any of their books and records or any documents relating in any manner to the matters set forth in the Commission's Complaint, or the books and records and documents of any entities under their control, until further order of this Court.

## VII.

## Expedited Discovery

A.  All parties may take depositions upon oral examination, and demand production of documents or other things, of parties and persons who are not parties prior to the expiration of 30 days after service of the Commission's Complaint on the Defendants and Relief Defendants.

B.  All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure, regarding issuance and service of subpoenas, unless the provision of testimony or production of documents is agreed to by the person(s) subpoenaed.

C.  Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, all parties may take depositions upon oral examination, subject to 72 hours notice.

D.  Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the parties shall produce all documents requested within 72 hours of service of such request.

E.  All written responses to any party's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by facsimile or overnight courier to Jennifer Brandt;

Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102, or such other place as counsel may direct.

## VIII.

### Service Issues

The United States marshal in any district in which any Defendant and Relief Defendant resides, transacts business or may be found is authorized and directed to make service of process at the request of the Commission.

To effectuate the provisions of any paragraph of this Order, the Commission may cause a copy of this Order to be served on any bank, savings and loan, broker-dealer or other financial or depository institution either by United States mail or by facsimile as if such service were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of the Defendants or Relief Defendants, or any companies or persons or entities under their control.

## IX.

### Passport Surrender

Defendants Wise, Kristi Hoegel, Jackie Hoegel, Brijesh Chopra, and Philippe Angeloni are ordered to surrender, temporarily pending the determination of the Commission's request for a preliminary injunction, their passports and are barred from traveling outside the United States.

## X.

### Repatriation Order

Pending determination of the Commission's request for a Preliminary Injunction, the Defendants and Relief Defendants, and their directors, officers, agents, servants, employees,

attorneys, depositories, banks, and those persons in active concert or participation with anyone or more of them, and each of them, shall:

      (A)    take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Northern District of Texas; and

      (B)    provide the Commission and the Court a written description of the funds and assets so repatriated.

## XI.

## Directives to Financial Institutions and Others

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' Assets or Relief Defendants' Assets at any time since January 1, 2004, shall:

1. Prohibit Defendants, Relief Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' Assets or Relief Defendants' Assets, except as directed by further Order of the Court;

2. Deny Defendants, Relief Defendants, and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; or (b) otherwise subject to access by Defendants or Relief Defendants;

3. Provide counsel for the Commission and any Receiver in this matter, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or

held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly, or is otherwise subject to access by Defendants or Relief Defendants; and

4.     Upon request by the Commission or the Receiver, promptly provide the Commission and the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

## XII.

### Expiration of Temporary Restraining Order

Unless extended by agreement of the parties, the portion of this order that constitutes a temporary restraining order shall expire at 5:00 p.m., on the 8th day of April, 2009, or at such later date as may be ordered by the Court. All other provisions of this order, including the asset freeze, shall remain in full force and effect until specifically modified by further order of this Court.

## XIII.

### Order to Show Cause

Defendants or their attorneys shall appear before this Court at the United States District Courthouse, 1000 Lamar Street, 203, Wichita Falls, Texas 76301 at 1:00 o'clock, p.m., on April 3, 2009, or as soon thereafter as they can be heard, and in any event prior to the expiration of this Order, to show cause, if any, why this Court should not enter a preliminary injunction extending the asset freeze and other relief granted in this Order until a final adjudication on the merits may be had. Defendants and Relief Defendants shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, Jennifer D. Brandt, Trial Counsel, Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, fax number (817) 978-4927, no later than three full business days before such hearing. The Commission may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply brief, if any, on Defendants, Relief Defendants, or their attorneys by facsimile transmission, courier service or such other means as the Commission may reasonably determine will give Defendants or their attorneys prompt delivery of these papers. Pursuant to Rule 43(e) of the Federal Rules of Civil Procedure, the Court, in determining whether the Defendants and Relief Defendants should be preliminarily enjoined, may consider affidavits, declarations and exhibits. *See, e.g., FSLIC v. Dixon*, 835 F.2d 554, 558-59 (5th Cir. 1987); *E. E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 751 n.3 (N.D. Tex. 1986).

Signed at 10:45 o'clock A.M. on this 25th day of March, 2009.

Reed O'Connor
UNITED STATES DISTRICT JUDGE